JOHN T. BOSTON *vs.* OCEAN STEAMSHIP COMPANY OF SAVANNAH.

Suffolk. December 12, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Seaman. Contract. Damages.*

One who has shipped as "mess boy" on a vessel for a voyage from port to port and return, under shipping articles by which his wages are not payable until the expiration of his term of service, if he is discharged by the master unjustifiably before the voyage is ended, may recover the damages suffered from his wrongful discharge.

In an action by a seaman for his alleged unlawful discharge before the termination of the voyage for which he shipped, where the defendant contends that the plaintiff was discharged rightfully for being absent from the ship without permission, if it appears that the plaintiff was given leave to go ashore for medical treatment and that the plaintiff while on shore made a complaint to a commissioner for an alleged assault upon him by the ship's fireman, and the evidence is conflicting as to whether the plaintiff had permission to go ashore to consult the commissioner as well as to go for medical treatment, it is a question for the jury, in case they find that the plaintiff's shore leave was limited to going for medical treatment, to determine whether under the circumstances the plaintiff had been guilty of such misconduct as to justify the defendant in terminating the contract.

The consent by a seaman to his discharge before the termination of the voyage for which he has shipped, which he gives on the condition that he shall receive a full month's wages, is not binding upon him if he is offered by the master wages for only five days.

In an action by a seaman against the owner of a vessel for damages for the plaintiff's unlawful discharge by the master before the termination of the voyage, in

which the plaintiff claims a full month's pay and the necessary expenses of his return to the port of shipment as damages incurred by reason of his unlawful discharge, if it appears that the plaintiff, who was illiterate, was given by the master in the port where he was discharged an order on the owner for the amount of his wages for five days, that being the time during which the plaintiff had served before his discharge, but that the plaintiff never collected or negotiated this order and tendered it at the trial to the defendant, who refused it, the order does not constitute an accord and satisfaction unless it was accepted as such by the plaintiff, and if the evidence on this point is conflicting, it is a question for the jury whether the plaintiff, being without money and away from home, after having been denied recognition as a member of the ship's company, agreed to receive five days' wages in full satisfaction of his claim.

A seaman who has shipped for a voyage from port to port and return, who is discharged by the master unjustifiably at the outward port before the voyage is ended, can recover from the owner of the vessel as damages for his wrongful discharge, not only compensation for his loss of time, but also his necessary expenses incurred in returning to the port of shipment.

CONTRACT for $32, on an account annexed, with two items, the first being for one month's wages, $15, and the second for steamship fare from Savannah, Georgia, to Boston, Massachusetts, $17.  Later the plaintiff added by amendment two special counts, one alleging his discharge by the defendant without cause and a refusal to pay him a month's wages of $15, and the other alleging a failure of the defendant, after unlawfully discharging the plaintiff, to return him to Boston, his port of shipment, and the plaintiff's consequent expenditure of $17 for travelling expenses in returning to the port of Boston.  Writ in the Municipal Court of the City of Boston dated February 16, 1906.

On appeal to the Superior Court the case was tried before *Hitchcock,* J.  The evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to make the following rulings, also asking for another ruling numbered 2 which was made by the judge :

1. Upon the whole evidence in the case the plaintiff is not entitled to recover and the verdict must be for the defendant.

3. The plaintiff after his discharge, having received and receipted for his wages in full, is bound by such receipt and is not entitled to recover in this action.

4. There is no evidence in the case which entitles the plaintiff to recover the item of $17 as set out in the second item of the

account annexed in the original declaration and in the second count of the amended declaration.

5. There is no evidence in the case that the plaintiff was not discharged from the vessel by his own consent and under such circumstances he cannot recover in this action.

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $33.79. The defendant alleged exceptions.

*A. H. Russell,* for the defendant.

*F. S. Harlow,* for the plaintiff.

BRALEY, J. The defendant's requests for rulings were properly refused. By the shipping articles the plaintiff engaged to perform the voyage from port to port and return, and his wages were not payable until the expiration of his term of service, unless he was wrongfully discharged before the completion of the agreement. *Taber* v. *Nye,* 12 Pick. 105. *The William Jarvis,* 1 Sprague, 485. *O'Neil* v. *Armstrong,* [1895] 2 Q. B. 70. But while he served as "mess boy" on the outward passage, he returned on the vessel as a passenger, and under either count of the declaration his right of recovery rests upon the ground, that having been ready and willing to perform the contract, performance became impossible because the master, who was the defendant's agent, unjustifiably discharged him before the voyage ended. *Croucher* v. *Oakman,* 3 Allen, 185. *Baxter* v. *Doe,* 142 Mass. 558, 561. *Hoyt* v. *Wildfire,* 3 Johns. 518. The master deposed that the plaintiff received his discharge for violation of the shipping articles in being absent from the ship without permission. Upon this question the evidence was conflicting. The plaintiff, while admitting his absence, gave evidence that during the passage out he had been assaulted by the ship's firemen, and applied to the mate for permission to go ashore, not only for the purpose of receiving medical treatment, but to make a complaint to the commissioner for the assault. This officer, whose authority was not questioned, issued the usual certificate for sick or disabled seamen, under which he had the right to be temporarily absent, but while the issuance of the certificate was admitted, the mate in his deposition asserted that the plaintiff made no reference to his desire to consult the commissioner. If, however, the jury believed the plaintiff, the permission included both, and he had

not been guilty, either of a disobedience of orders, or of a violation of his contract. But, if the privilege had been limited, the master's right to discharge him before the termination of the voyage, depended upon whether he had become disqualified for further service, or his conduct had been such as to constitute a serious breach of the ship's discipline. 3 Kent Com. (14th ed.) 183. *The El Dorado*, 1 Lowell, 289. *The Nimrod*, 1 Ware, 9. *Smith* v. *Treat*, 2 Ware, 270, 294. It was accordingly a question of fact, whether under the circumstances he had been guilty of such misconduct as to justify the defendant in terminating his contract. *Atkyns* v. *Burrows*, 1 Pet. Adm. 244.

It is insisted that the plaintiff consented, but his consent could have been found conditional upon receiving a full month's wages, which were not paid, and this defence fails. See *Rosenberg* v. *Doe*, 146 Mass. 191, 193. If the contract remained in force, the order,* which never has been collected or negotiated, and although tendered to the defendant at the trial was refused, did not constitute a release, as it was unsealed, nor an accord and satisfaction of the principal debt; unless accepted by the plaintiff. *Tuttle* v. *Tuttle*, 12 Met. 551. Upon variant evidence, it was a question of fact whether the plaintiff, who was illiterate, without money, and away from home, after having been unlawfully denied further recognition as a member of the ship's company, agreed to receive a week's wages in full satisfaction of his claim. *Tompkins* v. *Hill*, 145 Mass. 379. *Fee* v. *Orient Fertilizing Co.* 36 Fed. Rep. 509; *S. C.* 44 Fed. Rep. 430.

Nor can it be said, either under the general maritime law or at common law, that the verdict was in excess of the measure of liability, because the plaintiff was permitted to recover the amount paid for his return passage. The damages suffered by a wrongful discharge, ordinarily, are the loss of time until in the exercise of reasonable diligence further employment can be obtained. But, in the present case, the plaintiff, having been deprived of the benefit of the contract under which the defend-

---

\* This was an order signed by the master, directing the treasurer of the defendant to pay to the plaintiff $2.50 for services as mess boy on the steamship City of Augusta "during the month of February 6 to 10, 1906, five days at $15 per month."

ant was bound to transport him to the port of shipment, the expenses incurred in returning formed a part of the indemnity to which he was entitled for the wrong suffered. *Croucher* v. *Oakman, ubi supra.* *Calvin* v. *Huntley,* 178 Mass. 29. *Thompson* v. *The Sam Brown,* 45 Fed. Rep. 508.

*Exceptions overruled.*