JAMES E. YOUNG *vs.* CANADA, ATLANTIC AND PLANT STEAMSHIP COMPANY, Limited.

Norfolk.    February 27, 1912. — April 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Corporation,* Delegation of authority by directors, Executive committee. *Contract,* What constitutes.

The charter of a foreign steamship corporation authorized its directors to appoint annually "from among themselves an executive committee, for such purposes and with such powers and duties as the directors by by-law may determine," and provided that the president should be *ex officio* a member of such executive committee. Under this authority the directors enacted a by-law which created an executive committee consisting of the president and two of the directors, who were given the "full powers of the board of directors when said board is not in session." The by-law did not prescribe that all three members should participate in the action of the committee. In an action against the corporation on an alleged contract to employ the plaintiff for one year at a certain salary as marine superintendent of the defendant's business of transportation, there was evidence that a vote to employ the plaintiff on the terms alleged was passed at a meeting of the executive committee when the board of directors was not in session. It could have been found that all three of the members of the committee were present when the meeting opened but that one of them had "stepped out" when the vote was taken. The jury found that the executive committee passed the vote adopting the alleged contract. *Held,* that the making of the contract in question was a part of the ordinary management of the defendant's

business which could be delegated by the directors to an executive committee, and that the authority of the committee could be exercised by the majority, even if the third member was not present when the vote was taken.

CONTRACT for the breach of an alleged contract to employ Charles E. Pye, the plaintiff's assignor, for one year from the making of the contract in June, 1903, as marine superintendent of the defendant's transportation business and to pay him for such services the sum of $3,600, alleging also that on March 19, 1909, Pye made an assignment in writing to the plaintiff of his claim against the defendant. Writ dated May 10, 1909.

In the Superior Court the case was tried before *Aiken*, C. J. The defendant was a corporation, established under the laws of the Province of Nova Scotia. The charter and by-laws of the defendant were put in evidence, and contained the following provisions:

From the charter:

"Sec. 7.    (1) At the annual general meeting, the shareholders assembled who have paid all calls due on their shares shall choose five persons to be directors of the Company; but the Company may, by by-law, first approved of by the shareholders, increase the number of directors to any number not exceeding fifteen, and a majority of such directors shall be a quorum.

"(2) The directors may annually appoint from among themselves an executive committee, for such purposes and with such powers and duties as the directors by by-law determine, and the president shall be *ex-officio* a member of such executive committee."

From the by-laws:

"Sec. 7.    The affairs of the Company shall be under the control of a board of seven directors, elected by the shareholders by stock ballot. The directors so elected will choose from among their number a President and Vice-President. They will also appoint a Treasurer and Secretary, who shall perform such duties as may be required by the President, Board of Directors or Executive Committee.

"Sec. 8.    The Directors shall annually appoint from among themselves two directors, who with the President, shall form an Executive Committee, and said committee shall have full powers of the Board of Directors when said Board is not in session."

These by-laws were in force in June, 1903. The other material facts which could have been found on the evidence are stated in the opinion.

At the close of the evidence the defendant asked for twenty-eight rulings, as referred to in the opinion. The first four rulings requested were as follows:

"1. As a matter of law the plaintiff cannot maintain this action and the verdict must be for the defendant.

"2. On all the evidence the plaintiff cannot maintain this action and the verdict must be for the defendant.

"3. The plaintiff has not proved the making of the contract declared on and the plaintiff cannot, therefore, recover.

"4. The plaintiff has not proved any vote of either the stockholders or directors to employ Pye for a year, and, therefore, the plaintiff cannot recover."

The judge refused to make any of these rulings. He submitted to the jury three special questions, which with the answers to them were as follows:

"1. Did the executive committee pass the vote of June 15, 1903?" To which the jury answered, "Yes."

"2. Did the executive committee pass the vote of June 16, 1903?" To which the jury answered, "No."

"3. Was the employment by the month or by the year?" To which the jury answered, "By the year."

The vote of June 15, 1903, referred to in the first question, was relied upon by the plaintiff as making with Pye the contract sued upon. The alleged vote of June 16, 1903, referred to in the second question, was relied upon by the defendant and purported to make with Pye a contract of different character.

The jury returned a general verdict for the plaintiff in the sum of $3,575.50. The defendant alleged exceptions.

The case was submitted on briefs.

*W. M. Richardson,* for the defendant.

*F. P. Garland,* for the plaintiff.

BRALEY, J. If the evidence introduced by the plaintiff was believed, the jury were warranted in finding that Charles E. Pye, the plaintiff's assignor, was employed for the term of one year at a salary of $3,600, as marine superintendent of the company's business of transportation, and that after he had rendered services

for a little more than three months the board of directors voted to discharge him and to abolish the office. It also having been shown, that his discharge was not due to any neglect or incompetency in the performance of the duties of the office, and that for a year thereafter, although making diligent efforts, he was unable to obtain other remunerative employment, the plaintiff ordinarily would be entitled to substantial damages for the breach. *Lopes* v. *Connolly,* 210 Mass. 487. But the defendant contends, as matter of law, that no valid contract existed, or if a contract was entered into, it was mutually modified or discharged by a subsequent agreement. We shall discuss these defenses in the order stated.

The defendant is a foreign corporation, and by its charter and the by-laws adopted by the stockholders, the directors were entrusted with full control and management of the affairs of the corporation. The charter among other provisions authorized the directors to appoint annually "from among themselves, an executive committee for such purposes and with such powers and duties as the directors by by-law may determine, and the president shall be *ex-officio* a member of such executive committee." Acting under this express sanction the board enacted a by-law which created an executive committee consisting of the president and two of the directors, who were given the "full powers of the board of directors when said board is not in session." The nature of the defendant's business appears to have been such that authority to act for the corporation in the ordinary management of its affairs could be delegated by the directors to an executive committee. It accordingly is immaterial whether the committee could exercise all the powers of the board, as the language of the by-law conferred upon them full authority, subject to the limitation, to employ Pye as superintendent of transportation. *McNeil* v. *Boston Chamber of Commerce,* 154 Mass. 277. *Nash* v. *Minnesota Title Ins. & Trust Co.* 159 Mass. 437. *Sheridan Electric Light Co.* v. *Chatham National Bank,* 127 N. Y. 517. *Canada Atlantic & Plant Steamship Co.* v. *Flanders,* 145 Fed. Rep. 875. *Union Pacific Railway* v. *Chicago, Rock Island & Pacific Railway,* 163 U. S. 564, 597, 598. It was with this committee, sitting when the board was not assembled, that the alleged contract was made. If the power of the committee to bind the defendant is

manifest, they acted without a secretary, and the evidence was conflicting as to the proceedings. It was an issue of fact whether the vote to hire Pye for the term and at the salary stated was passed. The answer of the jury to the first question established the contract, unless the meeting was void for informality. The jury, however, could find that all three of the members were present when the meeting opened, and the by-law not having prescribed that all must participate, the temporary absence from the room, or even the withdrawal of one of their number when the vote was taken,* did not invalidate the action of the majority, by which the company is bound. *McNeil* v. *Boston Chamber of Commerce*, 154 Mass. 277. *Metropolitan Telephone & Telegraph Co.* v. *New York & New Jersey Telephone Co.* 17 Stew. 568, 573. *Burleigh* v. *Ford*, 61 N. H. 360. *Andres* v. *Fry*, 113 Cal. 124.

Nor can the defendant overcome the effect of this vote, the terms of which Pye, who was present, accepted, by setting up the previous agreement of the syndicate in control of the company, in which he joined, that the combined salaries of the officers should not exceed an expenditure of $10,000 a year. The defendant was not bound by an instrument to which it was not a party, while it furthermore appears that when the salary had been fixed the gross amount had not been exceeded.

It was undoubtedly within the power of the parties to change and modify the terms of the contract. The answer of the jury, however, to the second question disposes of the defendant's contention, that by a subsequent agreement, instead of being payable absolutely in money, the salary was to be derived in part from the proceeds of sales of stock of the company held by the syndicate, and that the contract was not to be for a year but by the month, and upon notice was terminable at the will of either party.

The averment of payment in the answer, which seems to have been treated at the trial as being in the nature of an accord and satisfaction, is the remaining defense. It is important in this connection to remember, that the jury in answer to the third question

---

* There was evidence that one of the members of the committee "stepped out" when a motion to appoint him agent of the executive committee at a salary of $5,000 a year, was voted on. This member testified that he did not remain while any votes were taken.

found the hiring to have been for the year, and not from month to month, and that this special finding is in harmony with their answers to the first and second questions. If it be assumed, that the receipts given by Pye, and the checks payable to his order on account of salary at a less rate than the amount which he claimed, contained. respectively the words "in full of the above account," and "in full to date," among which was the check received and indorsed after he had been notified by the company of his discharge, there would have been evidence of a settlement of a disputed claim which would have barred any greater or further liability. *Boston* v. *Ocean Steamship Co.* 197 Mass. 561, 564. *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105. The unequivocal testimony for the plaintiff, that these phrases were not in the papers when they were signed by Pye, but were subsequently interpolated without his consent, left the jury to determine whether there had been a mutual satisfaction, and their general verdict for the plaintiff sufficiently indicates that they did not accept the defendant's theory of the evidence.

The defendant also asked for twenty-eight rulings, which were not given except as shown in the charge, and it excepted to the refusal, and to the instructions where the requests were not covered, but now waives the thirteenth, fourteenth, fifteenth, sixteenth, nineteenth, twentieth and twenty-second requests. A verdict could not have been ordered for the defendant under the first four requests, nor for reasons sufficiently stated could it have been ruled that the contract declared on was invalid, or had been abandoned. The right of the plaintiff to recover rested upon the vote, its acceptance, and the performance of the duties required of Pye, until he was wrongly discharged, and no question of the ratification of an invalid contract by the conduct of the company's officers in making payments to him was involved in the questions submitted by the judge to the jury. The weight of the evidence and the credibility of witnesses were solely within the province of the jury, and the question whether a different result ought to have been reached is not for us to decide. We find no error in the denial of the requests in so far as they were not embodied in the instructions, which were full and sufficiently favorable to the defendant.

*Exceptions overruled.*