## BOSTON CLUB *vs.* WILLIAM E. HANNAN.

Suffolk. January 9, 1913. — April 1, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Corporation,* Social club, By-laws. *Contract.*

Where the by-laws of a social club incorporated under R. L. c. 125 provide for an executive committee which is given "the entire government and management of the business of the club, including the election of members," such committee has power to elect an applicant to membership five days after he has made application therefor, although another by-law provides that a true copy of an application for membership shall be posted on the bulletin board of the club house "at least a fortnight before being voted upon by the executive committee," and that objection in writing by fifteen members of the club shall prevent the applicant's election.

If one, who has been elected to membership in a social club incorporated under R. L. c. 125, makes three semiannual payments of dues and enjoys the accommodations offered by a house maintained by the club, he is subject to all liabilities of a member of the club although he never has paid an entrance fee and a by-law of the club provides that "every member shall within thirty days after his election pay to the treasurer his entrance fee, and his membership shall commence from the date he complies with the above requirement, and will be equivalent to signing the constitution and by-laws."

CONTRACT for $50 alleged to be owed by the defendant as club dues for the year beginning December 1, 1907. The action was brought in the name of the plaintiff, a social club incorporated under R. L. c. 125, by Oscar A. Marden, Esquire, who was appointed receiver of its property by a decree of the Superior Court on May 5, 1908. Writ dated May 4, 1910.

In the Superior Court the case was tried before *Lawton,* J.

It appeared that on December 26, 1906, the defendant made

application for membership in the plaintiff upon a blank furnished by the clerk, such application stating that he was "Proposed by Fred C. Gilpatric" and "Seconded by Albion F. Bemis."

The by-law of the club relating to proposals for membership in force at the time of the making of such application, Article IV § 3, was as follows:

"The form for proposing a person for membership shall be as follows — namely, a written application must be made out by the applicant; on blanks furnished by Club, indorsed by two members other than the member proposing him, giving the full name, place of residence, occupation and place of business of the person proposed, and the date of the proposal; and immediately the Secretary shall post a true copy of the application on the bulletin board of the Club House, and forward said applications to the Membership Committee, which shall remain posted at least a fortnight before being voted upon by the Executive Committee. Provided that fifteen members do not object in writing to said candidates or candidate by sending to said committee a negative ballot. A candidate who has been rejected cannot be proposed again for six months.

"No candidate will be accepted who is under twenty-one years of age."

Section 4 of the same article provided that each resident member, when elected, should pay an entrance fee of $25 and an annual assessment of $50. Section 5, among other provisions, contained the following: "Every member shall within thirty days after his election pay to the Treasurer his entrance fee, and his membership shall commence from the date he complies with the above requirement, and will be equivalent to signing the constitution and by-laws."

The bill of exceptions stated that the plaintiff's by-laws "provided for an executive committee of fifteen with the powers of directors, and that this executive committee should have the entire government and management of the business of the club, including the election of members; that it should appoint from itself a membership committee of five who should investigate the character, etc., of the applicants, and report their recommendations to the executive committee."

It further appeared that, at a meeting of the plaintiff's execu-

tive committee on December 31, 1906, the defendant's application, made five days before, was acted upon favorably and he was elected to membership.

The defendant never paid an entrance fee. In December of 1906 and in June and December of 1907, he made payments of $25 as dues.

The other material facts are stated in the opinion.

At the close of the evidence, the defendant asked the judge to give, among other rulings, the following:

"The defendant never became legally a member of the club by reason of the failure to comply with the provisions of the by-laws as to his election, and because of the non-payment by him of the admission fee provided by the by-laws."

The ruling was refused and, "the defendant admitting that there was apparently no fact in controversy," a verdict was ordered for the plaintiff; and the defendant alleged exceptions.

*W. C. Cogswell*, for the defendant.

*C. M. Ambrose*, for the plaintiff.

BRALEY, J. The verdict for the plaintiff having been ordered upon the defendant's admission that there was no question of fact for the jury, he contends that the evidence is insufficient to establish any liability for the annual assessment or dues to recover which the action is brought.

It is settled by the decision in *Boston Club* v. *Potter*, 212 Mass. 23, that the appointment of a receiver to wind up the affairs of the club and the closing of the club house did not terminate the liability of members for dues which accrued on December 1, 1907, and by the decision in *Rogers* v. *Boston Club*, 205 Mass. 261, 269, that even if under the by-laws the dues could be paid subsequently in quarterly instalments, the entire amount constituted a debt which the members could be compelled to liquidate as of that date. The evidence having shown these essential facts the defendant is bound, if when the dues accrued he was a member. *McManus* v. *Thing*, 208 Mass. 55, 60. *Malden & Melrose Gas Light Co.* v. *Chandler*, 211 Mass. 226, 227.

The plaintiff is a corporation chartered without capital under the R. L. c. 125. Its purpose was not commercial, but it was organized to provide certain comforts and privileges for the benefit and enjoyment of its members. Under § 6 of the statute authority

was given to enact by-laws which should prescribe the manner in which, and the officers or agents by whom the purposes of its incorporation could be effectually accomplished. By article four, section three, of the by-laws a form for admission to membership is prescribed, with the duties of the secretary and of the membership committee. It is expressly provided, that the applicant's name shall be posted for at least a fortnight before being voted upon by the executive committee, and this requirement doubtless was intended for the information of members, fifteen of whom could prevent an election by sending a negative ballot to the executive committee which was authorized to admit or reject the person proposed for membership. The defendant's application or proposal appears to have been in proper form, but not having been posted in accordance with the by-law he contends that his election by the executive committee was void and that he never became a member. If the committee had no broader powers they could not lawfully proceed to an election until compliance with the precedent condition of posting. *Gray* v. *Christian Society,* 137 Mass. 329. *Burbank* v. *Boston Police Relief Association,* 144 Mass. 434, 437. *McCoy* v. *Roman Catholic Mutual Ins. Co.* 152 Mass. 272. *Timberlake* v. *United Order of the Golden Cross,* 208 Mass. 411, 423. But the exceptions state that this body by another by-law, the details of which are not stated, had been vested with the entire government and management of the business of the corporation, including the election of members. It had been empowered to appoint a committee on membership, consisting of five of its own members, who were to investigate the character of applicants, and report their recommendations to the full committee. The necessity or the expediency of such a provision is not before us. It is enough that the plaintiff did not exceed its corporate powers. The largest discretionary authority having been conferred, the executive committee could exercise the powers of the corporation itself, and proceed to an election even if the name of the defendant had not been previously posted. *Young* v. *Canada, Atlantic & Plant Steamship Co.* 211 Mass. 453, 456.

The defendant's election having been valid, and his acceptance amply shown by the payment of dues, and the enjoyment after his election and until the club was closed of the accommodations of the club house, and of all the privileges appurtenant to member-

ship, it is immaterial that he never complied with article five by the payment of an entrance fee, which is declared to be equivalent to signing the constitution and by-laws. *United Hebrew Benevolent Association* v. *Benshimol*, 130 Mass. 325, 328. *Detroit Driving Club* v. *Fitzgerald*, 109 Mich. 670.

The defendant having been a member when the annual assessment fell due, the action can be maintained, and the verdict for the plaintiff was rightly ordered.

*Exceptions overruled.*