ADELAIDE P. FARRIS, administratrix, *vs.* ST. PAUL'S BAPTIST CHURCH.

Suffolk.      November 18, 1914. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Exceptions, Amendment of record. *Rules of Court. Bills and Notes. Religious Society.*

Rule 64 of the Superior Court, providing that where "bills of exceptions have been filed and remained without action for three months, the clerk shall forthwith notify the parties interested that unless within thirty days thereafter the bill of exceptions is presented to the presiding justice for allowance, it will be dismissed and judgment will be entered as though no exceptions had been filed," has no application where a bill of exceptions was presented to the judge and a hearing was had thereon within the time allowed by an order of extension, although the excepting party failed to file an amended bill within a time orally agreed upon with the judge at the hearing which was after the day named in the order of extension, because the judge must be considered to have the allowance of the bill still under consideration.

If, in such a case, the clerk of court, without any preliminary warning notice to the parties, enters a judgment on which execution is issued, upon a motion of the excepting party an order will be made that the record shall be amended by striking out all matters relating to the judgment and the issuing of execution, such entries having been made by the clerk without authority.

A court of record has ample power to correct mistakes in its records by ordering the striking out of entries made by the clerk of the court without authority.

Where a promissory note, which was given in the name and behalf of an incorporated religious society to the pastor of the society for back salary, was signed by the treasurer and clerk of the society and by eight persons described as deacons, of whom five were deacons and the other three were subdeacons, and where it appeared that the whole number of deacons was seven, that by the by-laws of the society its board of deacons had extensive powers as to its business affairs, and that a vote of the society authorized such a note to be signed by its board of deacons, it was *held*, that the signing by a majority of the board of deacons, in addition to the signatures of the society's treasurer and clerk, was sufficient to bind the society, the signatures of the three subdeacons being immaterial and having no effect to diminish the binding force of an execution by a majority of the deacons.

CONTRACT by the administratrix of the estate of Benjamin W. Farris against the St. Paul's Baptist Church of Boston, an incorporated religious society, on an alleged promissory note of the defendant, signed by eight persons designated as deacons of the defendant and by two others designated respectively as treasurer and church clerk, originally for $1,465, with payments indorsed thereon amounting to $144.08, the note having been made payable to the plaintiff's intestate in his lifetime and having been given in payment of back salary due to him as the pastor of the church. Writ dated February 2, 1912.

At the trial in the Superior Court before *White*, J., the jury returned a verdict for the plaintiff in the sum of $1,811.45. The defendant alleged exceptions. The plaintiff filed a motion to dismiss the bill of exceptions, which was denied by the judge. The plaintiff alleged exceptions to this denial. On June 26, 1914, the judge allowed the defendant's exceptions and also allowed the plaintiff's exceptions. The questions raised by both bills of exceptions are stated in the opinion.

The whole of Rule 64 of the Superior Court, of which a part is quoted in the opinion, is as follows:

"In all causes in which bills of exceptions have been filed and remained without action thereon for three months, the clerk shall forthwith notify the parties interested that unless within thirty days thereafter the bill of exceptions is presented to the presiding justice for allowance, it will be dismissed and judgment will be entered as though no exceptions had been filed.

"If within said thirty days the bill of exceptions is not allowed or an order extending the time for hearing and allowance thereof made in the cause, the exceptions shall be dismissed as of course

and judgment be entered as though no bill of exceptions had been filed."

J. T. Maguire & J. M. Brown, for the defendant.

G. A. Sanders, for the plaintiff.

RUGG, C. J. The plaintiff's exceptions raise a point of practice as to the allowance of the defendant's exceptions filed on April 24, 1913. The time for the allowance of these exceptions, by order of court entered within three months thereafter, was extended, St. 1911, c. 212, § 2, to October 1, 1913. Two days before the expiration of this extension there was a hearing on the allowance of the exceptions, and leave was given orally to present an amended bill of exceptions on or before October 6, 1913, but no such bill was filed within this time.

On October 6, 1913, the clerk, without special order of the court, entered judgment for the plaintiff. He evidently acted on the theory that the case came within Rule 64 of the Superior Court, which provides that where "bills of exceptions have been filed and remained without action for three months, the clerk shall forthwith notify the parties interested that unless within thirty days thereafter the bill of exceptions is presented to the presiding justice for allowance, it will be dismissed and judgment entered as though no exceptions had been filed." That rule was not applicable to these facts. The bill of exceptions had been presented to the judge and a hearing had within the time allowed by the order of extension. It appears to have been under consideration by him. No preliminary warning notice had been sent by the clerk.

Upon a motion filed on November 1, 1913, the court having found among other facts that the "entry of judgment and issuance of execution are erroneous and made by mistake" and that the record ought to be amended in order to conform to the truth, entered an order that all matters relating to the entry of judgment and issuance of execution be stricken from the record.

There is no error of law in this procedure. The matters stricken from the record were entered by the clerk without the direction of the court and were not as matter of law appropriate entries to be made in course under the circumstances. The rule means that exceptions ordinarily shall not be dismissed until after the warning notice from the clerk to the effect that they will be

dismissed within thirty days if not presented for allowance, unless, perhaps, when special order to the contrary is made by the court as a part of an order of extension. After such notice has been sent, then they will be dismissed automatically under the rule unless allowed or order extending the time is made.

The court has ample power to correct mistakes like this found in its records. *Karrick* v. *Wetmore,* 210 Mass. 578. See also *Drinkwater* v. *Frank,* 213 Mass. 194; *Hathaway* v. *Congregation Ohab Shalom,* 216 Mass. 539, 542. The defendant's exceptions rightly were allowed, and the plaintiff's exceptions must be overruled.

The defendant's exceptions relate to an action upon a note to the order of the plaintiff's intestate, purporting to be executed by the deacons, treasurer and clerk of the defendant. It seeks to escape liability because the note is signed by five deacons only, and not by the full board of seven. The by-laws of the defendant confer upon its board of deacons extensive powers as to its business affairs. The vote of the defendant authorized a note to be signed by its board of deacons. Under all the circumstances, a signing by a majority of the board was enough in this respect to bind the defendant. *McNeil* v. *Boston Chamber of Commerce,* 154 Mass. 277, 281. *Young* v. *Canada, Atlantic & Plant Steamship Co. Ltd.* 211 Mass. 453, 457.

Three other persons called subdeacons signed the note. But their signatures did not diminish the binding force of execution by a majority of the deacons.

The vote of the church did not specify the date for the note. But there was evidence that its amount in fact was ascertained from two previous notes whose amount on May 1, 1907, the date inserted in the new note, was the sum appearing on the face of the new note. The facts respecting the old notes as a basis for the new one were brought fully to the attention of the meeting at which the vote was passed. Payments were made on account of the new note. There was ample evidence that its date was within the scope of the vote.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions overruled.*