FRED JOHNSON, Appellant, v. STANDARD TRANSPORTATION COMPANY, Respondent.— Judgment and order unanimously affirmed, with costs. The case was tried and submitted to the jury on the theory set forth in the complaint without objection or exception. It was a common-law action for damages for negligence. The jury having found a verdict for defendant, we are now asked to reverse the judgment and to send the case back to be tried before the court and a jury under the maritime law, which allows recovery in certain cases of contributory negligence by apportionment or abatement of plaintiff's recovery. But the maritime law cannot be administered in the State Supreme Court. It is a matter peculiarly within the jurisdiction of the admiralty courts. There is no Federal or State statute allowing a set-off of plaintiff's negligence against his recovery in an action by a seaman to recover damages for injuries received through alleged negligence of those in charge of the vessel. And the basis of recovery in such a suit in admiralty is entirely different from that in a common-law action for damages. (*Chelentis* v. *Luckenbach S. S. Co.*, 247 U. S. 372;

*The Max Morris*, 137 id. 1.) Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.