GUSTAV FALK, Plaintiff, v. LEWIS K. THURLOW, Defendant.

(Supreme Court, Kings Trial Term, March, 1921.)

Ships and shipping — injury to seaman upon the high seas — obligation of ship for care and maintenance of disabled seaman — jurisdiction.

> The obligation of a ship to care for a seaman if he becomes ill or is injured while in service continues for a reasonable period after the termination of his employment.

> The seaman's maritime right to maintenance and care for a reasonable time after his employment ceased may be enforced in the state courts.

> Where the seaman met with an accident incidental to his service while the ship was on the high seas and only a short distance from some of the large ports of South America, a cause of action alleged in the complaint for defendant's failure to furnish plaintiff with reasonably good medical attention turned on the question whether plaintiff requested to be landed at one of those ports, was decided in his favor though he was brought to New York. A motion for a new trial will be granted unless plaintiff consents to the reduction of a verdict of $1,200 to $500, in which event the motion will be denied.

MOTION for a new trial.

Silas B. Axtell (Arthur Lavenburg, of counsel), for plaintiff.

Bertrand L. Pettigrew (Walter L. Glenney, of counsel), for defendant.

CROPSEY, J. Plaintiff was a seaman and he shipped from New York for a trip to South America and return. On the return and when on the high seas plaintiff met with an accident which was in no way due to the fault of the ship but was an incident of his service. Hence his first cause of action, which was to recover for the injuries, was dismissed. His second cause of action charged that the defendant failed to furnish him with reasonably good medical attention. The accident happened when the steamer was only a short distance from some of the large ports of South America, and upon the trial the question on this branch of the case turned upon whether or not the plaintiff requested to be landed at one of those ports. He was not landed there but instead was brought to New York. The jury decided this issue in favor of the plaintiff and there is no ground for interfering with this decision except as to the amount awarded. Under the direction of the court the jury stated separately that the sum of $1,200 was allowed plaintiff upon this cause of action. All that plaintiff could recover under this claim was for the additional pain or suffering and injury that resulted from defendant's failure to furnish reasonable medical attendance. I think the proof does not justify the award made. I think the jury were justified in finding that some additional pain and suffering was endured and that the injury was made worse by reason of the lack of proper attention but under no view of the case do I see how a greater sum than $500 could have been allowed.

The third cause of action was for " maintenance and cure.'' That is, it was to recover the reasonable cost of plaintiff's keep after his arrival at New York and after the termination of his contract and during the period that he was unable to work because of the injuries received. For about six months after his arrival at New York plaintiff was in the hospital and under no expense. Thereafter he claimed that for a further period of about six months he was unable to work.. The jury awarded $300 for plaintiff's maintenance during that period. The question is whether the plaintiff is entitled to any recovery under this cause of action.

There have been decisions both ways on this question. While they all seem to recognize that the obligation of a ship is to care for a seaman if he becomes sick or is injured while in service some of the cases have limited that obligation to the period of the seaman's employment. But the rule more generally followed, and the one which seems to be supported by reason, holds that the ship's obligation does not end with the termination of the employment but continues for a reasonable period thereafter. The cases on this subject are cited and discussed in *The Bowker No. 2*, 241 Fed. Repr. 831. See, also, *Storgard* v. *France & Canada S. S. Corporation*, 263 Fed. Repr. 545. There is a statement in *Ives* v. *South Buffalo Railway Co.*, 201 N. Y. 271, 311, which it is claimed is at variance with the above cited cases. But that statement was no part of the decision and the decision of this question was not involved.

The further contention is made that even though the plaintiff is entitled to his " maintenance and cure " for a reasonable time after his employment ceases that is only a maritime right and cannot be enforced in a state court. And in support of this

contention defendant cites *Johnson* v. *Standard Transportation Co.,* 188 App. Div. 934. No opinion in that case is reported but in a memorandum decision the court says: '' But the maritime law cannot be administered in the State Supreme Court. It is a matter peculiarly within the jurisdiction of the admiralty courts.'' This statement was wholly unnecessary to the decision which did not turn upon any such question. Furthermore it is in direct conflict with decisions of the Court of Appeals of this state and so must be disregarded. It is the law of this state that maritime rights may be enforced in the state courts. *Scarff* v. *Metcalf,* 107 N. Y. 211; *Gabrielson* v. *Waydell,* 135 id. 1. And the maritime right in question has also been enforced in the common law courts of the United States. *John A. Roebling's Sons Co. of N. Y.* v. *Erickson,* 261 Fed. Repr. 986; *Storgard* v. *France & Canada S. S. Corporation,* 263 id. 545. These cases still further show that the statement in the memorandum of the Appellate Division in the *Johnson* case, that the maritime law is a matter '' peculiarly within the jurisdiction of the admiralty courts '' is not correct.

And the same Appellate Division a few months after deciding the *Johnson* case recognized that the admiralty law could be enforced in the state court. *Leone* v. *Booth Steamship Co., Ltd.,* 189 App. Div. 185.

Motion for new trial granted unless plaintiff stipulates within ten days to reduce the amount awarded upon his second cause of action to $500, in which event the motion will be denied.

Ordered accordingly.