GEORGE MAEURER, Plaintiff, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Defendant.

(Supreme Court, Kings Special Term, March, 1921.)

**Bill of particulars — when motion for, granted — negligence — Workmen's Compensation Act — Employers' Liability Act.**

> While plaintiff, an employee of defendant, was engaged in work, maritime in its nature, he sustained injuries to his person for which he claimed and received compensation under the Workmen's Compensation Act. In an action subsequently brought in a state court for the same injuries plaintiff claimed to be entitled to recover both by an action at common law and under the Employers' Liability Act. *Held,* that in the circumstances plaintiff's motion for a bill of particulars of his alleged contributory negligence pleaded as a defense, will be granted.

MOTION for a bill of particulars.

Smith & Reiher (George F. Palmer, Jr., of counsel), for plaintiff.

Campbell, Flaherty, Turner & Strouse (Charles J. McDermott, of counsel), for defendant.

VAN SICLEN, J. Motion by plaintiff to compel the defendant to give bill of particulars of defense, alleging contributory negligence of the plaintiff, as set forth in defendant's answer. There seems to be no dispute, and the fact is, that the plaintiff, when injured, was engaged in work, maritime in its nature; that at the time of the injury plaintiff was in the employ of the defendant and that heretofore the plaintiff made claim for and received compensation under the Workmen's Compensation Law of this state. After the decision of *Knickerbocker Ice Company* v. *Stewart,* 253 U. S. 149, the plaintiff brought action to recover for the injury received, and claims

that he is entitled to such recovery both by an action at common law and under the Employers' Liability Act, and that he is entitled to his bill of particulars by reason of the last mentioned act.   The case of *Knickerbocker Ice Company* v. *Stewart, supra,* fully and finally determines that the said Workmen's Compensation Act has no application, so that the plaintiff is now relegated to whatever right and remedy he may have had, exclusive of the Workmen's Compensation Act, at the time of his injury.

The defendant holds that, whatever right or remedy the plaintiff may show himself entitled to, he is obliged, upon the trial, to prove his freedom from contributory negligence and that, therefore, the plaintiff can, under no rule of law or statute, compel the defendant to furnish particulars of the contributory negligence alleged as a defense.   Further, that by bringing action in a state court plaintiff has saved to himself only a common-law remedy and if the rule of maritime law is applied — and the courts have held that maritime law cannot be administered in the state Supreme Court (see *Johnson* v. *Standard Transportation Co.,* 188 App. Div. 934; *Chelentis* v. *Luckenbach S. S. Co.,* 247 U. S. 372), no bill of particulars, as sought, can be obtained.   Having been barred under the Workmen's Compensation Act, defendant asserts plaintiff cannot, under another statute, to wit, the Employers' Liability Act, take advantage of the privileges furnished by that act.

The federal courts have recently decided what is an invasion of the exclusive jurisdiction of the federal courts over all civil and maritime causes and the saving clause to suitors in all cases and right of a common-law remedy where common law is competent to give it.   *Southern Pacific Company* v. *Jensen,* 244 U. S. 205; *Clyde Steamship Co.* v. *Walker,* Id. 255;

and *Knickerbocker Ice Co.* v. *Stewart, supra.* This does not mean, necessarily, a common-law action, but that the remedy might be by any means employed to enforce the rights or redress the injury. *Knapp, Stout & Co.* v. *McCaffrey,* 177 U. S. 638, 644. The present action being a tort case jurisdiction depends solely upon the place where the tort was committed, and under the saving clause of the federal Constitution, plaintiff contends that the remedy for the wrong or injury done him may be sought by any means employed to enforce his rights or redress the injury. Further, that the Employers' Liability Act never having been repealed, he is fully within his rights in seeking to obtain, in full, the benefits afforded thereby. *Matter of Doey* v. *Howland Co.,* 224 N. Y. 30; *Matter of Anderson* v. *Johnson Lighterage Co.,* Id. 539. Plaintiff further contends that the relief sought in no way contravenes the saving clause of the federal Constitution of the **right** of common-law remedy, because the Employers' Liability Act, so far as the matter at issue is concerned, is simply a question of procedure and does not create substantive rights or substantive law. *Sackheim* v. *Pigueron,* 215 N. Y. 62.

It is of immediate and great importance that the questions herein involved should be definitely settled. Many actions involving maritime law have been brought in the state courts, and a clear working rule is desired. Already cases have been decided according to the common law, maritime law, relating to wage, maintenance, and cure and also the application of the rule of comparative negligence, and have also been determined by application of the Employers' Liability Act. The circumstances **are** such that the motion should be granted.

Motion granted.