HOWARD S. KEEP, Respondent, *v.* HERBERT H. WHITE and SOUTH SEAS PACIFIC COMPANY, INC., Appellants.

Second Department, March 31, 1921.

**Ships and shipping — action by seaman left on voyage to recover damages — complaint stating action in tort remediable by maritime law — jurisdiction of State courts — joinder of parties.**

A seaman has a cause of action in tort against a shipowner and master remediable by the maritime law, where he was left at a foreign port without excuse or cause, the ship proceeding with his clothing, papers and property, and the master refusing to permit him to continue on the journey or to return him home; the wrong charged is a plain violation of the fundamental duty of the shipmaster toward his crew.

Such liability is enforcible against the defendants in the courts of this State.

The joinder of the shipowner with the master was proper.

APPEAL by the defendants, Herbert H. White and another, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 7th day of January, 1921, on the decision of the court, overruling defendants' demurrers to the complaint and granting leave, on terms, to withdraw such demurrers and to answer within twenty days, rendered after a trial at the Kings Special Term.

The complaint avers that on December 8, 1919, plaintiff shipped as a seaman on the *Ajax*, for a voyage from Marblehead, Mass., to Pango Pango, Samoa, and duly signed shipping articles; that defendant White was the master of the *Ajax*, and that the South Seas Pacific Company, a domestic corporation, was the owner, of which corporation defendant White was also president. It avers that the vessel touched at Bermuda on December 14, 1919; that White as such master, and as agent for his codefendant, on December 20, 1919, maliciously and without legal excuse or justifiable cause therefor, sailed from St. George, Bermuda, leaving plaintiff, then a member of the crew, and proceeded on her voyage, carrying on said vessel plaintiff's clothing, papers and property, and refused to bring plaintiff home again, although he was in a condition to return, and willing to return, and refused and prevented plaintiff from continuing on said voyage, and left

plaintiff, an American citizen, at St. George, aforesaid, against his will and contrary to law, and to the statutes of the United States in such case made and provided.

The statute mentioned (Fed. Crim. Code [35 U. S. Stat. at Large, 1146], § 295; U. S. R. S. § 5363, originally section 10 of act of March 3, 1825 [4 U. S. Stat. at Large, 117]) imposes a fine of not more than $500 or imprisonment for not more than six months, or both, on any master or commander of a vessel of the United States, who, while abroad, maliciously and without justifiable cause "forces any officer or mariner of such vessel on shore, in order to leave him behind in any foreign port or place, or refuses to bring home again all such officers and mariners of such vessel whom he carried out with him, as are in a condition to return and willing to return, when he is ready to proceed on his homeward voyage."

*Philip L. Miller,* for the appellants.

*John Howard Corwin,* for the respondent.

PUTNAM, J.:

As this is a cause of tort (in which the shipping articles are referred to by way of inducement), which occurred at Bermuda, defendants rely on the maritime law (*Chelentis* v. *Luckenbach Steamship Co.,* 247 U. S. 372), which raises the point whether the tort set forth is remediable by the maritime law. Of this I have no doubt. The wrong charged is a plain violation of a fundamental duty of the shipmaster toward his crew. (*Boston* v. *Ocean Steamship Co. of Savannah,* 197 Mass. 561.) It may be likened to the duty to go into port for medical assistance for an injured seaman, for breach of which the master of the vessel may be answerable in damages. (*The Iroquois,* 194 U. S. 240; *Olsen* v. *The Scotland,* 42 Fed. Rep. 925; *The City of Carlisle,* 39 id. 807.) The admiralty doctrine that limits recovery to "maintenance and cure" is not applicable to a breach of the shipmaster's personal obligation. Such liability is enforcible against the defendants in the courts of this State. (*Scarff* v. *Metcalf,* 107 N. Y. 211; *Leone* v. *Booth Steamship Co., Ltd.,* 189 App. Div. 185.) In *Chelentis*

*v. Luckenbach Steamship Co. (supra)* the seaman sued at common law for full indemnity with no claim for maintenance or cure.   A verdict for defendant was held rightly directed because plaintiff's disclaimer of maintenance and cure left no ground of liability.   *Johnson* v. *Standard Transportation Co.* (188 App. Div. 934) was also for negligence at common law, and was so tried, with no suggestion of unpaid wages or other failure of maritime duty.   On such a record there was no basis for applying the maritime law.   It was not intended to declare in that decision that in a proper case the State court could not administer the maritime law.   The objection here of joinder of the shipowner, which might be good in a suit for wages, does not apply in tort.

I advise, therefore, that the interlocutory judgment be affirmed, with costs, but with leave to answer within twenty days after service of the order herein.

MILLS, RICH, BLACKMAR and KELLY, JJ., concur.

Interlocutory judgment affirmed, with costs, but with leave to answer within twenty days after service of the order herein.