JOHN DANIELSEN, an Infant, by HANS A. DANIELSEN, Guardian, Plaintiff, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Defendant.

(Supreme Court, Kings Trial Term, July, 1921.)

Ships and shipping — navigable waters — injury sustained while ship in dry dock — actions — juridiction — Workmen's Compensation Law.

A vessel in dry dock is lying in navigable waters and where plaintiff was injured while at work on a steamship in dry dock at defendant's plant undergoing repairs, an action to recover for such injuries alleged to have been caused by the negligence of defendant is properly brought in the state courts, and the Workmen's Compensation Act does not apply.

Supreme Court, July, 1921. [Vol. 116.

Action for damages for personal injuries.

David M. Fink (Philip Brennan, of counsel), for plaintiff.

Stuart H. Benton (Charles J. McDermott, of counsel), for defendant.

Squiers, J. The plaintiff, an employee of the defendant, was seriously injured while at work on the steamship *Norman Bridge* which was in dry dock at defendant's plant undergoing repairs. This action was brought to recover damages for such injuries alleged to have been caused by the negligence of defendant and on the trial the plaintiff elected to treat the action as one at common law and not under the Employers' Liability Act. The trial resulted in a verdict of $50,000 in favor of the plaintiff. The defendant was insured under the Workmen's Compensation Act. The defendant moved to set aside the verdict on various grounds, all of which were decided adversely to the defendant by the court, except that the court reserved decision upon the point urged by the defendant that the steamship *Norman Bridge* being in dry dock was not in navigable waters and the plaintiff being an employee of the dry dock company and not of the owners of the ship, the Workmen's Compensation Act applied.

The ship was in navigable waters as that term is interpreted by the authorities. *Steamship Jefferson,* 215 U. S. 130, 142. "In reason we think it cannot be held that a ship or vessel employed in navigation and commerce is any the less a maritime subject within the admiralty jurisdiction when for the purpose of making necessary repairs to fit her for continuance in navigation she is placed in a dry dock and the water removed from about her, than would be such a vessel if fastened to a wharf in a dry harbor where by the

natural recession of the water by the ebbing of the tide she for a time might be upon dry land.'' Plaintiff was injured on a ship lying in navigable waters and while he was engaged in the performance of a maritime service. *Atlantic Transport Co.* v. *Imbrovek,* 234 U. S. 52; *Doey* v. *Howland Co.,* 224 N. Y. 30. The Workmen's Compensation Act, therefore, did not apply and the action was properly brought in the State Supreme Court. There has been submitted to the court the opinion of Mr. Justice Page writing for the Appellate Division, first department, in the case of *Kennedy* v. *Cunard Steamship Co., Ltd.,* 197 App. Div. 459. In this opinion it is stated that the Appellate Division of the second department in a *per curiam* opinion in the case of *Johnson* v. *Standard Navigation Co.,* 188 App. Div. 934, held that an action for injuries sustained by reason of a maritime tort cannot be brought in the State Supreme Court but that it is a matter particularly within the jurisdiction of the Admiralty Court. This, however, as Mr. Justice Page states, was *obiter dictum.* Since that decision was handed down, the Appellate Division of the second department in the case of *Keep* v. *White,* 195 App. Div. 736, Mr. Justice Putnam writing for the court, has held that liability for a maritime tort is enforcible in the courts of this state (decision handed down March 31, 1921). This decision disposes of the *obiter dictum* referred to by Mr. Justice Page. The court is of the opinion that the case of *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149, is applicable, at least by direct inference, to actions arising under group nine of the Workmen's Compensation Act as well as those arising under group 8. The defendant's motion to set aside the verdict therefore is denied.

Judgment accordingly.