George CRAIN

v.

AMERICAN WATERWAYS CORPORA-
TION, National Shipping &
Trading Corporation.

THE NATIONAL LIBERTY.

No. 1 of 1956, Admiralty.

United States District Court
E. D. Pennsylvania.

July 31, 1956.

Freedman, Landy & Lorry, Avram G. Adler, Philadelphia, Pa., for libellant.

Rawle & Henderson, Thomas F. Mount, Philadelphia, Pa., for respondents.

KRAFT, District Judge.

Libellant's amended libel in personam and in rem alleges that on or about April 6, 1955 respondents [1] orally agreed to employ him as master of the vessel S. S. "National Liberty" during such time as respondents would operate it; that libellant then assumed command as master and undertook performance of his duties; that libellant was ordered by respondents, on December 10, 1955 to take the vessel on a voyage or voyages from Philadel-

1. Libel states "respondent" but text indicates plural was intended.

phia, Pa. to a port in Yugoslavia and to such other ports as respondents should direct for a period of one year; that the vessel, with libellant as master, proceeded from Philadelphia to Baltimore on December 13, 1955 for drydock and annual inspection purposes and was involved in a collision with another vessel in Baltimore harbor on December 19, 1955 whereupon libellant was relieved of his command two days later.

■ Alleging that libellant's dismissal was wrongful, the first cause of action seeks recovery of wages and of subsistence and shifting fees, earned during his employment. Respondents' exceptive allegation to this claim avers that all sums due libellant have been tendered and refused. The amount tendered, however, is less than the amount claimed. Since the amount due is in controversy a cause of action is stated and respondents' exceptive allegation will be overruled.

■ Libellant's second cause of action claims wages for the remainder of the year beginning December 12, 1955. Respondents' exception and exceptive allegation assert that under the Atlantic and Gulf Coast Master and Dry Cargo Agreement, which libellant avers was incorporated by reference in his oral contract of employment, respondents had the right at any time to relieve libellant as master with or without cause; and alternatively, that the voyage for which libellant alleged he was employed, terminated on February 10, 1956 precluding recovery by libellant of any wages thereafter. Respondents dispute rather than admit and avoid the allegations of the libel and so present issues of fact for determination. The respondents' exception and exceptive allegation to the second cause of action will be dismissed.

In his third cause of action, libellant alleges that, after his wrongful discharge, respondent National Shipping & Trading Corporation, acting as agent for respondent, American Waterways Corporation, declared and published to various persons in the maritime industry that "libellant was discharged on the grounds that he allowed his vessel to be involved in a collision thus imputing responsibility of the collision to libellant," despite the fact that, after hearing, the Coast Guard held him blameless for the collision. He avers that these reckless, unfounded statements have so damaged his reputation and undermined confidence and trust in his qualifications and ability that his livelihood as master is curtailed with consequent permanent loss of income.

This cause of action charges, in substance, that respondents have slandered libellant with resultant interference with his employment opportunities and diminution of his earning capacity. The exception asserts that this count states no cause of action maritime in character and, hence, that the admiralty court lacks jurisdiction. .

■ Admiralty jurisdiction extends only to torts which are maritime in character. Generally the locus of a tort cognizable in admiralty must be on navigable water: see The Plymouth, 1865, 3 Wall 20, 18 L.Ed. 125. The libel is silent as to the locus of the statements and declarations complained of; nor does it allege where the claimed injury, the rejection of his efforts to procure employment, occurred. None of the many modifications or interpretations of the broad language employed in The Plymouth, supra, make reasonable a conclusion that this tort, as pleaded, is actionable in admiralty.[2] The exception to the third cause of action will be sustained.

The fourth cause of action avers that respondents have threatened that, should libellant pursue his legal remedy for the wrong alleged in his third cause of action, respondents will prevent him from

2. No cases have been cited or found involving a slander action in an admiralty court. The closest case factually appears to be Kamara v. The Atlantic Emperor, D.C.E.D.Pa.1951, 97 F.Supp. 722, 725, in which respondents were alleged to have "blacklisted each libellant and caused them great difficulty in obtaining employment." The court concluded: "This clearly is not an action cognizable in admiralty since no part of it is alleged to have taken place on navigable waters."

obtaining other employment as master on American vessels and will furnish prospective employers with false and derogatory information concerning libellant's service with respondents. This court is asked to restrain respondents from so doing.

■ Respondents maintain that a court of admiralty has no general jurisdiction to grant injunctive relief. This position is well taken. In Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 457, 55 S.Ct. 475, 477, 79 L.Ed. 989, the Supreme Court said:

"While courts of admiralty have capacity to apply equitable principles in order the better to attain justice, they do not have general equitable jurisdiction and, except in limitation of liability proceedings, they do not issue injunctions."

It is equally evident that an admiralty court may not restrain the commission of a tort over which, if committed, it would have no jurisdiction. The exception to the fourth cause of action will be sustained.

■ Respondents further contend that the libel in rem for libellant's wages should be dismissed because under ancient maritime law a seaman's lien for wages could not be claimed by the vessel's master. Libellant argues that this rule was founded in judicial dictum only; that the reason for the rule no longer exists and that the rule itself should be discarded.

Regardless of the origin of the rule, by reason of frequent repetition and application, it has now acquired the dignity and force of stare decisis.[3] In The Maret, 3 Cir., 1944, 145 F.2d 431, 444 the Court said: "It is so well settled as not to require citation of authority that a captain of a vessel cannot have a lien upon her for his salary." The exception to the libel in rem will be sustained and the libel in rem will be dismissed upon submission of an appropriate order.

___

3. See 1 Benedict on Admiralty, 6th ed. § 80, and cases there cited.