**Harry P. FOSTER, Libelant,**

v.

**UNITED STATES of America as owner of THE MSTS MISSION SANTA CRUZ and Tankers Company, Inc., as operator of The MSTS Mission Santa Cruz and Oscar Chaffee, as Captain of The MSTS Mission Santa Cruz, Respondents.**

United States District Court
S. D. New York.
April 1, 1957.

Saul Sperling, New York City, Charles A. Ellis, New York City, of counsel, for libelant.

Paul W. Williams, U. S. Atty., New York City, Ruth K. Bailey, Dept. of Justice, New York City, of counsel, for respondents.

WALSH, District Judge.

This is an action in admiralty by which libelant seeks to recover against respondents for slander, libel and unlawful imprisonment. The United States excepts to the libel as not stating a cause of action and as not being within the jurisdiction of this Court. Exceptions are overruled except that libelant is directed to restate his claim as to slander.

The respondent, United States of America, was the owner of the MSTS Mission Santa Cruz. The respondent, Tankers Company, Inc., operated the vessel for the government. The respondent, Oscar Chaffee, was the master of the Mission Santa Cruz and is alleged to have been the agent of both other respondents.

The libel alleges: Libelant was an able-bodied seaman employed by respondent Tankers on the Mission Santa Cruz. He missed his ship in Sasebo, Japan. When he reported to the USS Du Page for repatriation, he was court-martialed and sentenced to twenty days at hard labor in the brig as the result of statements maliciously issued by the respondents "to the effect that the libelant had taken all his personal effects off the vessel before it had sailed" and which wrongfully caused him to be classified as a deserter.

Being precluded from a suit under the Federal Tort Claims Act by its express reservation of sovereign immunity against claims based upon libel, slander, malicious prosecution or false imprisonment (28 U.S.C.A. § 2680), libelant must seek his recovery against the respondent, United States, under the Public Vessels Act (46 U.S.C.A. § 781 et seq.) Section 2 of that Act (46 U.S.C.A. § 782) provides that suits under it shall be in accordance with the provisions of the Suits in Admiralty Act (46 U.S.C.A. § 741 et seq.). Section 2 of the Suits in Admiralty Act (46 U.S.C.A. § 742) provides for suits against the government as follows:

"In cases where if such vessel were privately owned or operated * * * a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States * * *".

The Public Vessels Act is applicable to claims for personal injuries as well as for property damage and is available to seamen employed on public vessels other than those directly employed by the government. American Stevedores v. Porello, (United States v. Lauro), 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011; Johansen v. United States, 343 U.S. 427, 435, 72 S.Ct. 849, 96 L.Ed. 1051.[1]

The claim is within the admiralty jurisdiction of the Court because it alleges a tort arising out of a maritime status or a maritime relation between libelant and the respondents. See Strika v. Netherlands Ministry of Traffic, 2 Cir., 185 F.2d 555, 558,[2] in which Judge Learned Hand said with respect to the holdings of O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 63 S.Ct. 488, 87 L.Ed. 596, and Swanson v. Marra Bros., Inc., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045:

" * * * [T]hose decisions appear to us to settle it that such a tort [breach of the obligation of seaworthiness], arising as it does out of a maritime 'status' or 'relation', is cognizable by the maritime law whether it arises on sea or on land * * *".

The obligations of the master to his crew include an honest report of the "conduct, character, and qualifications" of a discharged seaman (46 U.S.C.A. § 645); an obligation not to abandon a crew member in a foreign port (Keep v. White, 195 App.Div. 736, 187 N.Y.S. 736); and at the very least an implied obligation not to cause maliciously the detention of a member of the crew in a foreign port by imprisonment (see Castillo v. Argonaut Trading Agency, D.C.S.D.N.Y., 156 F.Supp. 398). These obligations are not necessarily terminated by the innocent failure of a member of the crew to join his ship before she leaves port. Libelant's claim therefore is not to be appraised as a claim of slander or false imprisonment against a stranger. It is a claim based upon the commission of these torts by the person obligated to him as the master of his vessel. Torts growing out of the violation of these obligations are analogous to the breach of the obligation to furnish a seaworthy vessel. Their genesis in the maritime relationship brings them within the jurisdiction of admiralty.

---

1. Seamen directly employed by the government may not recover because of the bar of the Federal Employees Compensation Act, 5 U.S.C.A. § 751 et seq. 1 Benedict on Admiralty 451; Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; Dobson v. United States, 2 Cir., 27 F.2d 807; O'Neal v. United States, D.C.E.D.N.Y., 11 F.2d 869, affirmed 2 Cir., 11 F.2d 871.

2. See also Kyriakos v. Goulandris, 2 Cir., 151 F.2d 132, which permitted recovery under the Jones Act, 46 U.S.C.A. § 688, for injuries inflicted on shore as a result of the failure of the master to discharge a dangerous seaman. See also Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107, and Warren v. United States, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503, which held that the obligation of maintenance and cure extended to injuries incurred ashore.

The harshness of a contrary hypothesis which would leave controversies between seaman and master growing out of the employment to the local laws of the port, supports this conclusion. Forgione v. United States, 3 Cir., 202 F.2d 249, 253, held that an action for false imprisonment of a seaman against the owner of his vessel did not state a claim for a maritime tort because the arrest occurred on shore. In reaching this conclusion it followed The Plymouth, 3 Wall. 20, 70 U.S. 20, 18 L.Ed. 125, but apparently failed to recognize the distinction to be made between a tort committed ashore against a stranger and a tort committed against a member of the crew which involves a violation of the obligations of a master or a shipowner to the crew. This same oversight occurred in Crain v. American Waterways Corporation, D.C. E.D.Pa., 143 F.Supp. 256, and Bain v. Sandusky Transportation Co., D.C.E.D. Wis., 60 F. 912, but both of these cases are distinguishable on their facts because in each the contract of employment had clearly terminated before the cause of action arose.

■ The contention that the libel must be dismissed because the acts complained of were matters of operation by respondent Tankers and thus not attributable to the owner is not a sufficient basis for the motion. Supported by appropriate allegations of fact it may be an adequate defense but it is not at present a proper basis for a motion to dismiss. The libel alleges that the master acted as agent of the United States as well.

■ Insofar as respondents except to the form of the allegations of slander, their motion is granted. The alleged slanderous statements should be set forth substantially in the language in which they are uttered or written.

These points were the only ones raised and considered on this motion. No opinion is expressed as to the adequacy of the allegations in other respects.

Exceptions overruled except that the claim as to slander will be dismissed unless within ten days libelant amends his libel to specify the statements complained of.